FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

APR - 1 2004

at 3 o'clock and 21 min. P M.
WALTER A. Y. H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KEOLA N. KANAE, ) | CIVIL NO. 02-00399 LEK |
| Plaintiff, ) | |
| vs. ) | |
| KAHIKI. H. HODSON, ET AL., ) | |
| Defendants. ) | |

**ORDER DENYING DEFENDANT KAHIKI HODSON'S
MOTION FOR JUDGMENT AS A MATTER OF LAW**

This matter is before the Court on the oral motion for judgment as a matter of law, pursuant to Rule 50(a) of the Federal Rules of Civil Procedure, made by Defendant police officer Kahiki M.H. Hodson ("Officer Hodson") on March 29, 2004, at the close of all evidence in a jury trial before the Honorable Leslie E. Kobayashi. After careful consideration of the arguments of counsel and the relevant case law, this Court DENIES Officer Hodson's Motion for Judgment as a Matter of Law.

**BACKGROUND**

On June 28, 2002, Plaintiff Keola N. Kanae ("Kanae") brought suit under 42 U.S.C. § 1983 against Officer Hodson and

the County of Hawaii (the "County").[1] Kanae's complaint alleged that Officer Hodson used excessive force, in violation of the Fourth Amendment, when he shot Kanae while trying to arrest Kanae for carjacking and other criminal offenses. Kanae, who was seriously injured as a result of the shooting, sought compensatory and punitive damages.

The case proceeded to trial before a jury beginning on March 23, 2004. At the close of Kanae's case, on March 25, 2004, Officer Hodson moved for judgment as a matter of law pursuant to Rule 50(a). This Court denied the motion without prejudice and set forth its reasoning on the record. On March 29, 2004, at the close of all evidence, Officer Hodson again moved for judgment as a matter of law. The Court took the motion under submission.

## STANDARD OF REVIEW

Rule 50(a) of the Federal Rules of Civil Procedure provides that:

> If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue.

---

[1] On November 5, 2003, pursuant to an Order Denying Defendant Kahiki Hodson's Renewed Motion for Summary Judgment and Granting Defendant County of Hawaii's Renewed Motion for Summary Judgement, summary judgment was granted in favor of the County.

2

Fed. R. Civ. P. 50(a)(1). A district court should grant a motion for judgment as a matter of law if, viewing the evidence in the light most favorable to the non-moving party, there is insufficient evidence from which a jury could find liability. See Reeves v. Sanderson Plumbing Prod., Inc., 530 U.S. 133 (2000); see also Dean v. Trans World Airlines, Inc., 924 F.2d 805, 810 (9th Cir. 1991). Moreover, "[j]udgment as a matter of law is appropriate when the evidence presented at trial permits only one reasonable conclusion." LaLonde v. County of Riverside, 204 F.3d 947, 959 (9th Cir. 2002). Where substantial conflicting evidence is presented, however, such that reasonable people in the exercise of impartial judgment might reach different conclusions, the motion should be denied. See Maccabees Mut. Life Ins. Co. v. Morton, 941 F.2d 1181, 1184 (11th Cir. 1991).[2]

## DISCUSSION

To be entitled to judgment as a matter of law, Officer Hodson must show that Kanae failed to produce substantial evidence such that a reasonable jury could find that the amount of force used to arrest Kanae was unreasonable and in violation of the Fourth Amendment's prohibition on the use of excessive

---

[2] Moreover, judgment as a matter of law in excessive force cases should be granted sparingly, because such cases in particular "almost always turn on a jury's credibility determinations." Santos v. Gates, 287 F.3d 846, 853 (9th Cir. 2002) (citing Liston v. County of Riverside, 120 F.3d 965, 976 n.10).

force by law enforcement officers. See Graham v. Connor, 490 U.S. 386, 395 (1989) ("[A]ll claims that law enforcement officers have used excessive force--deadly or not--in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard[.]"). Whether the amount of force used was reasonable is objectively "from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight" and requires "careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or other, and whether he is actively resisting arrest or attempting to evade arrest by flight." Id. at 396.

Here, the Court cannot conclude that the evidence presented at trial could have led the jury to reach but one conclusion. The jury in this case was faced with conflicting testimony as to the events that transpired on the evening of June 14, 2001. For example, conflicting testimony was offered on the issues of: whether Kanae's hands were raised, and if so, how high or when they became raised; whether and how visible Kanae's hands were at the time of the shooting; whether Kanae stepped out of the car or lunged out of the car towards Officer Iris McGuire ("Officer McGuire"); whether Kanae was shot at the same time or

after Officer McGuire stumbled backwards.[3] The case essentially hinged, therefore, on the evaluation of various accounts of the same events. Such determinations--resolution of conflicting testimony, credibility of the witnesses, and the weight of the

---

[3] This issue raises the question of whether Officer Hodson shot Kanae before he thought that Officer McGuire had been shot or in response to thinking that she had been shot by Kanae. Officer Hodson's testimony on this issue was somewhat contradictory.

Specifically, in an Internal Affairs shooting inquiry, conducted on June 14, 2001 only hours after the shooting, Officer Hodson made the following statement:

> Q: Now getting to the part where he gets out of the car and as he's coming out she's [Officer McGuire] backpedaling, yeah?
>
> A: Yeah.
>
> Q: She's going backwards and she's yelling gun. And then[.]
>
> A: No, she neva backpedal. I think, well actually everything was like that (snapped finger). So at the shot, by the time I noticed, I'm looking at my, the shots already fired and my shot[']s fired and I see her.
>
> \* \* \*
>
> Q: And you see [Officer McGuire] going backwards like that. Initially you thought that [Officer McGuire] was being shot at?
>
> A: No, I thought [Officer McGuire] got shot after I shot.

(Trial Ex. 4 at 1097.)

By contrast, Officer Hodson testified at trial and that he shot Kanae only after seeing Officer McGuire backpedaling and only after he thought that Kanae had shot Officer McGuire.

5

evidence--are within the exclusive province of the jury. See, e.g., Lytle v. Household Mfg., Inc., 494 U.S. 545, 554-55 (1990); Costa v. Desert Palace, Inc., 299 F.3d 838, 859 (9th Cir. 2002) ("[C]redibility, inferences, and factfinding are the province of the jury, not this court."), aff'd, 123 S. Ct. 2148 (2003). Accordingly, and given that any determination of liability is quite clearly dependent on the resolution of at least some of these disputed questions of fact, the Court cannot find that the evidence presented at trial permits only one reasonable conclusion. See LaLonde, 204 F.3d at 959.

On the basis of the evidence presented at trial, and viewing the evidence in the light most favorable to Kanae, the Court finds that Kanae proferred legally sufficient evidence from which the jury could conclude that a reasonable officer in Officer Hodson's position would not have believed himself or other officers to be in immediate threat of death or serious bodily harm. There is, thus, no basis for this Court to grant judgment as a matter of law.

## CONCLUSION

For the reasons stated above, the Court DENIES Defendant Kahiki M.H. Hodson's Motion for Judgment as a Matter of Law.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii: __4/01/04__.

_/s/ Leslie E. Kobayashi_
LESLIE E. KOBAYASHI
United States Magistrate Judge

KEOLA N. KANAE V. KAHIKI M.H. HODSON, ET AL; CIVIL NO. 02-00399 LEK; ORDER DENYING DEFENDANT KAHIKI HODSON'S MOTION FOR JUDGMENT AS A MATTER OF LAW